UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAHARI MARTIN,<br>     Plaintiff,<br><br>v.<br><br>CITY OF HARTFORD, et al.,<br>     Defendants. | No. 3:14-cv-1350 (MPS) |

**Ruling on Motion in Limine (ECF No. 45)**

## I.     Introduction

This action arises from an interaction on October 21, 2012, between the Plaintiff, Dahari Martin, and two Hartford Police Officers, Bryan Nelson and J. Pethigal. Plaintiff sues the Officers and the City of Hartford. The Plaintiff brings, among other claims, two claims against the City of Hartford under Connecticut General Statutes § 52-557n and § 7-465. The Court assumes familiarity with the underlying facts of the dispute. Trial is scheduled for May 10, 2017. Defendant City of Hartford (the "City") seeks to preclude the Plaintiff from (1) making any reference to his statutory claims against the City under Connecticut General Statutes § 52-557n and §7-465, and (2) referring to the City as a defendant during the trial. (ECF No. 45.) For the reasons set forth below, the motion is DENIED.

## II.    Reference to Statutory Claims

The City argues that the claims under Connecticut General Statutes § 52-557n and § 7-465 are more appropriately resolved by the Court, because its liability under those statutes is a question of law. The City also argues that the probative value of referring to these claims is substantially outweighed by the risk of unfair prejudice to it.

The City is incorrect about the nature of the statutes, and refers to them both as indemnification statutes. (ECF No. 45 at 2.) C.G.S. § 52-557n allows plaintiffs to bring direct

actions against municipalities for negligence, and is not an indemnification statute.  *See Spears v. Garcia*, 263 Conn. 22, 28, 818 A.2d 37, 42 (2003).  Only C.G.S. § 7-465 provides an indemnification claim.[1]  *Holeman v. City of New London*, 330 F. Supp. 2d 99, 121 (D. Conn. 2004), *rev'd in part, appeal dismissed in part,* 425 F.3d 184 (2d Cir. 2005) (*quoting Elinsky v. Marlene,* No. CV960557659, 1997 WL 729102, *8 (Conn. Super. Nov. 14, 1997)) ("Under Connecticut law, 'Section 7–465 is an indemnity statute.'").

At this stage, it is not clear that liability under these statutes is solely a question of law for the Court.  Connecticut courts have found that claims under § 52-557n and § 7-465 should be decided by a jury in some cases.  *Haynes v. City of Middletown*, 314 Conn. 303, 331, 101 A.3d 249, 266 (2014) (remanding the case so that "the fact finder may make a finding on the defendant's special defense of governmental immunity and the imminent harm to identifiable persons exception to that defense."); *Sestito v. City of Groton*, 178 Conn. 520, 527–28, 423 A.2d 165, 170–71 (1979) (finding that a count under C.G.S. § 7-465 should have been submitted to the jury where there was a controversy over the facts of the case).  At this stage, no facts have been presented, and the Court cannot determine that the City's liability is a question of law.  Furthermore, to the extent that the City argues that it is not liable under either statute, "[a]

---

[1] In relevant part, C.G.S. § 7-465 provides:

> Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property, except as set forth in this section, if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty.

motion *in limine* is not the proper vehicle for seeking a dispositive ruling on a claim." *Williams v. Rushmore Loan Mgmt. Servs. LLC*, 2017 WL 822793, at *1 (D. Conn. Mar. 2, 2017) (internal citations omitted).  In any event, while some of the Plaintiff's claims may fall within exceptions in these statutes for intentional conduct, the Plaintiff has also alleged negligence claims, which, if proven, could provide a basis for liability against the City under these statutes.  *See* Fed. R. Civ. P. 8(d) (allowing pleading in the alternative and allowing pleading of "separate claims . . . , regardless of consistency.").

Should the claims against the City survive any motion for judgment as a matter of law, the Court will instruct the jury on the law related to liability against the City.  *See Huaman v. Tinsley, et al.*, 3:13-cv-484-MPS, Jury Instructions, ECF No. 139.  The Court notes that under C.G.S. § 7-465, "the municipality's duty to indemnify attaches only when the employee is found to be liable and the employee's actions do not fall within the exception for willful and wanton acts," and the jury will be instructed in accordance with this principle.  *Odom v. Matteo*, 772 F. Supp. 2d 377, 407 (D. Conn. 2011) (*quoting Myers v. City of Hartford,* 84 Conn. App. 395, 400, 853 A.2d 621 (2004)).

Because these claims will go to the jury, the Plaintiff may refer to them at trial.  The Plaintiff may not use the indemnity claim against the City "to prove whether [any] person acted negligently or otherwise wrongfully."  *See* Fed. R. Evid. 411.  The Plaintiff has stated that he does not intend to make such an offer.  (ECF No. 46 at 3.)  The Court will rule in the context of the trial on specific objections that raise a risk of violating the principle embodied in Rule 411 of the Federal Rules of Evidence.  For example, it may be necessary for the Court to bar the Plaintiff from referring to the claim under C.G.S. § 7-465 as "an indemnification claim."  The Court will discuss this and other evidentiary issues with the parties at the pretrial conference.

**III.     Reference to the City as a Defendant**

The City is a party in this action, and as such, the Plaintiff may refer to the City as a party at trial.

**IV.     Conclusion**

For the reasons discussed above, the City's Motion in Limine (ECF No. 45) is DENIED.

IT IS SO ORDERED.

  /s/  
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut  
           March 22, 2017